Williams, Judge,
delivered the opinion of the court:
This case comes before the court on the defendant’s motion to dismiss the petition on the ground that the Court of Claims is without jurisdiction to entertain the subject matter set forth in the petition.
The petition, a rambling and more or less incoherent document, in substance alleges that plaintiff is the sole and exclusive owner of trade-mark No. 115,462, titled “Lubri-Gas,” as first registered to him in the United States Patent Office, at Washington, D. C., on February 13, 1917, and re-registered to him on March 23, 1937, for twenty years from February 13,1937, and that he is also the sole and exclusive owner of registered label No. 25,673, titled “Lubri-Gas,” as registered to him in the United States Patent Office at Washington, D. C., under date of February 27, 1923; that he is the sole and exclusive owner of all rights and profits accrued, accruing, or that may accrue from the registered trade-mark and label and resulting from the manufacture, sale, distribution, and advertising' of Lubri-Gas, Lubri-Gas *532 chemicals, and resultant products such as lubricating gasoline and lubricating motor fuels, obtained by processing ordinary gasoline and other combustion engine fuels with the trade-marked product “Lubri-Gas”; that the said products by reason of their superior merits and unsurpassed qualities became known and recognized as products of national and international repute and products of great value.
It is next alleged that plaintiff has been unlawfully imprisoned in the Leavenworth Penitentiary for a period of four years, and that as a result thereof he has been unable to protect his trade-mark and label; that his imprisonment resulted from the machinations of the defendant’s officers and agents; that the defendant’s officers and agents threaten to continue such unlawful imprisonment beyond the date plaintiff’s term will have been fully served; that as a consequence plaintiff will be unable to protect his trade-mark and label during the period of the threatened unlawful confinement, and that defendant’s officers and agents are unlawfully attempting to deprive him of his constitutional right to protect his trade-mark and label in the federal courts.
After stating his grievances in detail the plaintiff alleges that the amount involved “in this, the most un-American, unlawful, unconstitutional case ever placed upon the docket of a federal court or recorded in the annals of a government is more than can be expressed in monetary figures,” but so “that future generations of citizens of this nation may know that the executives, officers, officials, agents, and employees of this government cannot so persecute, punish, and rob a citizen of his liberty and property without due process of law and for personal gain or reward plaintiff states that the amount involved is in excess of One Billion ($1,000,000,000) Dollars cash.”
Thereafter plaintiff prays for relief as follows:
1. “Fifty Thousand ($50,000) cash per day for each day from and after the date of filing of this claim until this cause will have been determined, that the defendant * * * in any way or manner, or for any reason or purpose, or purported purpose, to any degree, or in any way or manner restrains, or attempts to restrain, limit, or forbid plaintiff from the right to do any and all things necessary and *533 expedient for plaintiff to do to protect plaintiff’s’title, rights, and interest in his trade-mark rights, or other property that plaintiff may have and own.”
2. “One Hundred Thousand ($100,000) Dollars per day for each day or part of each day that plaintiff is any way delayed or prevented or denied his constitutional right to use the courts of this nation as courts of justice to hear and determine his cause according to the law governing such cases.”
The allegations of the petition, together with plaintiff’s prayer for relief, leave no room for doubt that plaintiff’s action is grounded upon alleged torts of the defendant’s officers and agents, and upon plaintiff’s fears that certain other tortious acts are about to be committed by the defendant that will cause him further injury. Needless to say, actions sounding in tort are not cognizable in the Court of Claims. Schillinger v. United States, 155 U. S. 163; Flynn v. United States, 65 Ct. Cls. 33.
The gravamen of plaintiff’s complaint in essence is false imprisonment. That the Court of Claims is without jurisdiction in regard to such actions has been settled since Spicers' case, 1 Ct. Cls. 316. The court in that case said:
The recitals of the petitioner as to his arrest and imprisonment, and his losses by reason thereof, are too remote and accidental to sustain a cause of action. Because the Government, or some person supposed to have been acting under its authority, may be supposed to have been guilty of a tort, or false imprisonment, by reason of which the business of the petitioner was injured or neglected, and he thereby suffered loss, does not present such a state of facts as will enable us to entertain jurisdiction. We cannot enter upon so wide a field of judicial doubt and uncertainty as this would indicate.
Obviously, the motion of the defendant to dismiss the petition for want of jurisdiction must be allowed. It is so ordered.
LittletoN, Judge; Greek, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.